IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND SHERMAN, SR.,

       Plaintiff,              No. CIV S-08-1605 GEB KJM P

   vs.

SUZZAN HUBBARD, et al.,           <u>ORDER AND</u>

       Defendants.       <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $1.07 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1    preceding month's income credited to plaintiff's prison trust account.  These payments will be

2    forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3    account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4              The court is required to screen complaints brought by prisoners seeking relief

5    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8    be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9    U.S.C. § 1915A(b)(1),(2).

10             A claim is legally frivolous when it lacks an arguable basis either in law or in

11   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

12   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.

14   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

15   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

16   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17             A complaint, or portion thereof, should only be dismissed for failure to state a

18   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

20   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

21   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

22   complaint under this standard, the court must accept as true the allegations of the complaint in

23   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

24   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

25   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26   /////

2

1    In his complaint, plaintiff asserts that prison officials have willfully and

2    fraudulently withheld money from him.  The United States Supreme Court has held that an

3    unauthorized intentional deprivation of property by a state employee does not constitute a

4    violation of the Constitution if a meaningful post-deprivation remedy for the loss is available.

5    Hudson v. Palmer, 468 U.S. 517, 533 (1984).  The California Legislature has provided a remedy

6    for tort claims against public officials in the California Government Code, §§ 900, et seq.

7    Therefore, the court does not have jurisdiction over plaintiff's first claim.  28 U.S.C. § 1330, et

8    seq.

9    Plaintiff also complains about the grievance process at his institution.  However,

10   petitioner does not have a Constitutional right to a prisoner grievance process.  Ramirez v.

11   Galazza, 334 F.3d 850, 860 (9th Cir. 2003).  Therefore, the court does not have jurisdiction over

12   claims involving an inmate grievance procedure unless a right to which plaintiff is guaranteed by

13   the Constitution is implicated.  28 U.S.C. § 1330, et seq.

14   In light of the foregoing, and because amendment of the complaint would be

15   futile, the court will recommend that this action be dismissed for failure to state a claim upon

16   which relief can be granted.

17   Plaintiff has requested the appointment of counsel.  The United States Supreme

18   Court has ruled that district courts lack authority to require counsel to represent indigent

19   prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

20   certain exceptional circumstances, the court may request the voluntary assistance of counsel

21   pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

22   Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

23   does not find the required exceptional circumstances.  Plaintiff's motion for the appointment of

24   counsel will therefore be denied.

25   /////

26   /////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $1.07.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith; and

3. Plaintiff's motion for the appointment of counsel (docket no. 3) is denied.

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 21, 2009.

_____
U.S. MAGISTRATE JUDGE

1/mp
sher1605.31

4